MELVIN *v.* BOARD OF COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY

[No. 166, October Term, 1951.]

*Decided March 5, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Chipman W. Cunningham,* with whom were *McWilliams, Evans & Melvin* on the brief, for the appellant.

*Noah A. Hillman,* with whom was *Marvin I. Anderson* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Anne Arundel County dismissing a taxpayer's bill to enjoin the issuance and sale of $600,000 of county bonds, as authorized by Chapter 593, Acts of 1951. It is contended that the proposed action is in violation of Section 54, Article III of the Maryland Constitution.

The Act in question, among other things, authorized the County Commissioners to issue and sell its bonds in the above amount and pay the net proceeds to "the Board of Managers of Annapolis Emergency Hospital Association, a Maryland corporation operating Anne Arundel General Hospital, at Annapolis * * * to be used and applied by said corporation exclusively for the purpose of defraying in part the cost of financing the erection of an addition and alterations, improvements and enlargements to said Hospital * * *." The Act contained a proviso that "Annapolis Emergency Hospital Association shall, at a special or regular meeting held before the issuance of said bonds, have amended its By-laws so as to provide for the appointment by the Board of County Commissioners of Anne Arundel County of two of its members to the Board of Managers of said Association, said appointments to run concurrently with the terms of office of said appointed Commissioners, provided, further, that the right of appointment of said two members shall continue for as long as any bonds

of this issue shall be outstanding." The Act was passed as an emergency measure, and, by resolution, the Board of County Commissioners proposed to immediately arrange for the issuance and sale of the bonds.

It is admitted that the Hospital Association was incorporated in 1902. It is a non-stock, non-profit organization, and membership in it is open to the general public; anyone paying a membership fee of one dollar a year becomes a member of the Association with the right to vote at each annual meeting, held in November, for fifteen of the sixteen members of the Board of Managers, who serve without compensation. Since its creation it has received annual appropriations from the State and County. All of the land and improvements are owned by the Annapolis Emergency Hospital Association. See Chapter 31, Acts of 1947 (Extraordinary Session). Prior to that date the title to the land, or a part of it, was in the State. The President of the Board of Managers testified that in 1949 some $680,000 was pledged through a public campaign for funds, but the amount was insufficient for necessary enlargements and improvements. Other funds, made available by the federal government, were drastically reduced. The hospital is the only general hospital operating in Anne Arundel County; it cares for medically indigent and welfare patients and receives State aid for that purpose. Other income is received from endowment funds, patients, the County, and the City of Annapolis.

Section 54, Article III of the Maryland Constitution provides: "No County of this State shall contract any debt, or obligation, in the construction of any Railroad, Canal, or other Work of Internal Improvement nor give, or loan its credit to or in aid of any association, or corporation, unless authorized by an Act of the General Assembly, which shall be published for two months before the next election for members of the House of Delegates in the newspapers published in such County, and shall also be approved by a majority of all the

members elected to each House of the General Assembly, at its next session after said election."

It is not suggested that the construction or operation of a general hospital is a "Work of Internal Improvement". Cf. *Bonsal v. Yellott*, 100 Md. 481, 60 A. 593, 69 L. R. A. 914; *Welch v. Coglan*, 126 Md. 1, 94 A. 384; and *Baltimore & Drum Point Railroad Co. v. Pumphrey*, 74 Md. 86, 21 A. 559. Nor is it suggested that the private character of the corporation would defeat an appropriation of public funds. *Finan v. Cumberland*, 154 Md. 563, 567, 141 A. 269. The contention is that the transaction is, in essence, a gift or loan of the County's credit to the corporation, which cannot be done except after compliance with the conditions laid down in Section 54.

We think this argument is foreclosed by our decision in *Johns Hopkins University v. Williams*, 199 Md. 382, 86 A. 2d 892, just decided. Construing the similar language of Section 34, Article III of the Constitution, we said (p. 401) : "If the State does not have this amount available, but borrows it and then gives the cash to the University, which is what it is attempting to do, it is not giving or loaning its credit to, or in aid of, the University—it is using its credit with banking institutions to borrow the money, and it is giving the University its cash." The *Pumphrey* case was discussed at length and distinguished. In the instant case we hold that the proposed action of the Board of County Commissioners does not violate Section 54.

*Decree affirmed, with costs.*